**STATE v. PAYNE, et al.**

No. 74-7F.

Circuit Court, Manatee County.

April 8, 1974.

Lee Haworth, Assistant State Attorney, for the state.

Charles Luckie, Jr. and William S. Rodgers, Jr. of Macfarlane, Ferguson, Allison & Kelly, Tampa, for the respondents.

JOHN D. JUSTICE, Circuit Judge.

This cause came on to be heard upon motion of the respondents, Richard A. Barry and the Tribune Company, to dismiss the order to show cause dated February 8, 1974 directed to the respondent Barry, and the supplemental order to show cause dated March 7, 1974 directed to the respondent the Tribune Company. The court has considered the motion to dismiss, the briefs filed by respondents and the state, argument of counsel and the record in this cause, and it appears from all of the foregoing and admissions made by the state in argument of the motion, that —

a. The "change of plea" by the defendant, Henry L. Payne, referred to in the contempt citations above mentioned, was made by the defendant *in open court* in the circuit court of Sarasota County — and was made *prior* to the alleged verbal order or directive to the respondent Barry.

b. The alleged order or directive made by the Honorable Roy E. Dean, circuit judge of this court, to the respondent Barry on February 1, 1974 was verbal and was not entered in open court. The oral statement in issue was made in Judge Dean's chambers with only the judge and the respondent Barry present.

c. The respondent Barry was a newspaper reporter who had not been present in the open court proceedings and was not a party to the proceedings, or counsel, or official or employee, of the court.

d. The alleged order or directive was never reduced to writing or signed and was not filed or made a part of the court record or minutes or served on the respondent.

e. The "news report" referred to in said contempt citations, a copy of which was attached thereto, related to the said change of plea by the defendant Payne made in open court and was a true and factual report of the public proceedings.

It is thereupon ordered and adjudged —

That the motion to dismiss is granted.

That the alleged order or directive made by the court to respondent Barry not to publish the fact that the defendant Payne had changed his plea and entered a guilty plea to a charge of first degree murder was an unlawful attempt by the court to restrain publication of matters which transpired in open court in the circuit court of Sarasota County on February 1, 1974, and therefore violated respondents' rights to freedom of speech and freedom of the press as guaranteed by the state and federal constitutions.

That any exceptions to the well established rule that courts may not place a prior restraint upon publication in a newspaper of events which transpire in open court alluded to in the various cases cited to the court are inapplicable to the case at bar because none of the cases cited have ruled or even hinted that a prior restraint upon publication of open court proceedings would be or could be sustained under the guise of prohibiting acts which could give rise to an immediate and clear danger to an individual's rights to a fair trial. Furthermore, at the time of the publication of the article, a jury had not been selected and there was open to the court adequate opportunity to secure a jury unaffected by the article along with other alternatives to a prior restraint upon a newspaper publication of an open court proceeding.

That the alleged order or directive hereinabove referred to not having been made in open court, not having been reduced to writing, signed, filed or otherwise made a part of the court records but orally made to a news reporter, never attained the dignity of a legal order, the violation of which could form the basis for a criminal contempt citation.

That the court, having determined that the alleged order was invalid and even had it been valid, violated respondents' constitutional rights, both state and federal, declines to rule on the double jeopardy issue presented by the motion to dismiss.